**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**GUARDIAN FIBERGLASS, INC.**, a Delaware                                    **PLAINTIFFS**
Corporation, and **GUARDIAN FIBERGLASS
SERVICE CORPORATION**, a Delaware Corporation

**v.**                              **NO. 4:05-CV-00463 GTE**

**WHIT DAVIS LUMBER COMPANY**, an
Arkansas Corporation                                                                           **DEFENDANT**

## ORDER AWARDING ATTORNEY'S FEES AND COSTS

Before the Court is a Motion for Attorney's Fees and Costs filed by Defendant Whit Davis Lumber Company ("Whit Davis"). Both parties have been fully heard on the issues presented by Whit Davis' motion. For the reasons herein stated, the Court concludes that Whit Davis should be awarded attorney's fees in the sum of **$127,751.17**, pursuant to Ark. Code Ann. § 16-22-308, and costs in the sum of **$5,399.93**, pursuant to Fed. R. Civ. P. 54(d).

### BACKGROUND

By Order dated April 12, 2007, the Court determined that Whit Davis was entitled to an award of fees pursuant to Ark. Code Ann. § 16-22-308, but it deferred issuing a final ruling on the amount of fees to be awarded to provide Plaintiffs Guardian Fiberglass, Inc. and Guardian Fiberglass Service Corporation (collectively, "Guardian") additional time to fully respond to the fee request. (Order, Doc. # 85). By Order dated May 17, 2007, the Court issued an Order postponing its final ruling on attorney's fees until the then pending appeal to the Eighth Circuit Court of Appeals was complete. (Order, Doc. # 89). The Court specifically noted that its postponement of a final decision was conditioned on the fact that the issues were "fully briefed

and ripe for final resolution should the Eighth Circuit affirm." (*Id.*, at p. 2).

On December 12, 2007, the Eighth Circuit issued an opinion affirming this Court's ruling that the underlying contract's two-year post-termination restrictive covenant was unenforceable. *Guardian Fiberglass v. Whit Davis*, __ F.3d. __ (8th Cir. December 12, 2007).

## DISCUSSION

The Court previously concluded that Whit Davis should be considered the prevailing party for purposes of Ark. Code Ann. § 16-22-308. (Order, April 12, 2007, Doc. # 85). The Court must now quantify the amount of attorney's fees that Whit Davis should be awarded for its successful invalidation of the post-termination restrictive covenant. The Court will also award costs to Whit Davis pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

Whit Davis seeks $146,462.72 in attorney's fees and $6,749.91 in costs. Guardian requests a total reduction in the amount of attorney's fees by $36,725.02. Guardian has not opposed Whit Davis' cost request.

Guardian has withdrawn any general challenge to the amount of hours, billing rates or the general apportionment of Whit Davis' fees between the restrictive covenant issue on which Whit Davis prevailed (Count I) and the exclusivity provision on which Guardian prevailed (Count II). Instead, Guardian raises certain specific objections. The Court rejects Guardian's challenge to legal work by Michael Moore as duplicative and unnecessary. The only valid objection raised by Guardian is the suggestion that Whit Davis should not receive any fees or costs for the defense of Count II. Whit Davis agrees and states that is no seeking to recover such fees or costs.

The Court rejects Guardian's argument that no fees should be awarded that would have been incurred if Guardian had not filed Count I. It is neither appropriate to attempt to award fees as if Count II had not been brought nor to award fees as if Count I had not been brought, as

- 2 -

Guardian advocates. In fact, both counts were brought. The Court finds that it must view the case as a whole. It is impossible to quantify with precision those fees incurred solely due to the defense of Count I from those incurred solely in defending Count II. The fact of the matter is that some of the legal work performed was necessary for the defense of both counts. Still, for the reasons discussed in the Court's April 12th Order, Whit Davis is "the prevailing party."

The Court, after careful consideration of the entire record in this case and the arguments put forth by the parties, finds that the more rational approach is to apply an across the board reduction reflecting the percentage of fees (and costs) attributable to the defense of Count II. The more difficult decision is determining an appropriate ratio.

Quantifying attorney's fees in this case necessarily involves an exercise of judicial judgment. It would not be altogether inaccurate to label such judgment "rational arbitrariness" but such is frequently the case when called upon to perform judicial duties entrusted to the Court's discretion.[1] Fortunately, the Court is very familiar with the facts and circumstances of this case and has a rock solid foundation from which to exercise its discretion to determine a reasonable attorney's fee.

Whit Davis made an effort in its initial submission to carve out the hours devoted to each cause of action. For example, lead counsel Dan Herrington stated that he spent approximately 425 hours participating in the defense of Count I and approximately 73 hours participating in the defense of Count II. Thus, Mr. Herrington contends that he spent approximately 17.18% of his time devoted to this case working on Count II, rather than Count I.

---

[1] *See, e.g., Angelo Iafrate Const., LLC v. Potashnick Const.,* 370 F.3d 715 (8th Cir. 2004)(Under Ark. Code Ann. § 16-22-308, "the trial court, presumably better acquainted with the circumstances of the proceedings, has discretion whether to award fees and in what amount."); *Phi Kappa Tau Housing Corp. v. Wengert*, 350 Ark. 335, 341 (2002)("This court has often observed that there is no fixed formula in determining reasonable attorney's fees.").

Whit Davis seeks a reduction of $2,351.25 for legal services allegedly incurred solely in defense of Count II. This is a small portion of the total amount of fees. In response, Whit Davis acknowledges that some further adjustment might be warranted, although not the entire amount sought by Guardian. Whit Davis suggests that, at most, the fee award should be reduced by $1,151.25.

The following summarizes the respective positions of the parties, as well as some of the Court's own observations:

TOTAL AWARD SOUGHT BY WHIT DAVIS                                   $ 153,212.63
($146,462.72 in attorney's fees and $6,749.91 in costs)

TOTAL FEE REQUEST NOT OPPOSED BY GUARDIAN[2]              $ 109,737.70
Guardian seeks a total reduction to the fee request of $36,725.02.

FEES NOT SOUGHT BY WHIT DAVIS (COUNT II)                        $ 13,226.25
This is the amount of its total fee request that Whit Davis attributed solely to the defense of Count II. and excluded from its fee request.[3] It is approximately 9% of the total fee request (excluding costs).

PERCENTAGE OF TIME WHIT DAVIS' LEAD COUNSEL
ATTRIBUTED TO DEFENSE OF COUNT II                                      17.18%
Whit Davis' lead counsel indicated that he spent approximately
425 hours defending Count I and 73 hours defending Count III.[4]

The Court finds that applying a twenty percent reduction to Whit Davis' fee and cost request will ensure that Whit Davis recovers its fees and costs associated with defending against Count I, but not Count II. Before applying such reduction, the Court must add back to Whit Davis' total fee request of $146,462.72 the sum of $13,226.25, which Whit Davis voluntarily

---

[2] The Court does not mean to suggest that Guardian agrees that fees should be awarded to Whit Davis. Rather, this reflects the amount of fees sought by Whit Davis to which Guardian has not lodged a specific objection.

[3] (See Dan Herrington's affidavit, Exh. A to motion, paragraph 10).

[4] (See Dan Herrington's affidavit, Exh. A to motion, paragraph 3).

deducted as that portion of its legal expenses incurred in defending against Count II. The Court will award Whit Davis attorney's fees in the sum of 80% of $159,688.97 ($146,462.72 + $13,226.25) or **$127,751.17**.

The Court finds that this fee award represents a reasonable sum for Whit Davis' successful defense of Count I. In making this finding the Court reaffirms its earlier statements that this action was, first and foremost, an action about the enforceability of the restrictive covenant contained in the parties' contract. The Court has also considered all of the factors referenced by the Arkansas Supreme Court as relevant when applying the fee statute. *See Phi Kappa Tau Housing Corp. v. Wengert*, 350 Ark. 335, 341 (2002). The Court specifically finds that the fee award represents a reasonable fee for the legal representation necessary to declare the restrictive covenant invalid and unenforceable at the trial court level.

## CONCLUSION

For the reasons stated herein and in the Court's April 12th Order (Docket # 85),

IT IS HEREBY ORDERED THAT the Defendant Whit Davis Lumber Company's Motion for Attorney's Fees and Costs (Docket # 74) be, and it is hereby, GRANTED to the extent herein stated. Pursuant to Ark. Code Ann. § 16-22-308, Whit Davis is hereby awarded attorney's fees in the sum of One Hundred Twenty-Seven Thousand Seven Hundred Fifty-One Dollars and Seventeen Cents **($127,751.17)**, to be collected as costs. Pursuant to Fed. R. Civ. P. 54(d), Whit Davis is hereby awarded costs in the sum of Five Thousand Three Hundred Ninety-Nine Dollars and Ninety-Three Cents **($5,399.93)**.

IT IS THEREFORE ORDERED THAT Defendant Whit Davis Lumber Company shall recover from the Plaintiff Guardian Fiberglass, Inc., the sum of One Hundred Thirty-Three Thousand One Hundred Fifty-One Dollars and Ten Cents **($133,151.10)**, with post-judgment

interest accruing in the amount of 3.04% per annum.

    IT IS SO ORDERED this   14th    day of January, 2008.

                                             /s/Garnett Thomas Eisele
                                             UNITED STATES DISTRICT JUDGE